UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KATIE ESPARZA,

        Plaintiff,                                 Case No. 17-cv-14132
                                                    Hon. Mark A. Goldsmith

vs.

CITIZENS INSURANCE CO.
OF THE MIDWEST,

        Defendant.
_____/

**OPINION & ORDER
DENYING PLAINTIFF'S AMENDED MOTION FOR RECONSIDERATION (Dkt. 25)**

This matter is presently before the Court on Plaintiff Katie Esparza's amended motion for reconsideration (Dkt. 25). Defendant Citizens Insurance Company of the Midwest ("Citizens") filed a response. No reply has been received, and the time for a reply to be filed has passed. Because oral argument will not aid the decisional process, the motions will be decided based on the parties' briefing. See E.D. Mich. LR 7.1(f)(2); Fed. R. Civ. P. 78(b). For the reasons that follow, Esparza's motion is denied.

**I.    BACKGROUND**

This action was originally filed in the Wayne County Circuit Court. Citizens was served with a copy of the complaint on June 19, 2017; as a result, Citizens was required to answer the complaint by July 10, 2017. However, Citizens' prior counsel inadvertently marked the due date for Citizens' answer as July 17, 2017. On July 13, 2017, a default was entered against Citizens. Citizens filed its answer the following day, and later filed a motion to set aside the default. The circuit court granted the motion and ordered the default set aside. Esparza subsequently filed a

1

motion for reconsideration of the court's order. Before the circuit court could rule on Esparza's motion, Citizens removed the case to this Court pursuant to 28 U.S.C. § 1446(b)(3). Esparza then re-filed her motion in this Court.

## II. STANDARD OF REVIEW

Esparza states that her motion is brought pursuant to Federal Rule of Civil Procedure 59(e) or, alternatively, 60(b). Federal Rule of Civil Procedure 59(e) allows for motions to alter or amend a judgment. Federal Rule 60(b) provides for relief from a final judgment, order, or proceeding. However, "[t]he term 'judgment' as used in the Federal Rules of Civil Procedure . . . encompasses final judgment and appealable interlocutory orders." Phillips v. Teamsters Local Union No. 957, No. 05-292, 2007 WL 397011, at *1 (S.D. Ohio Jan. 31, 2007). The requirement of a judgment as a prerequisite to a Rule 59(e) motion "protects against piecemeal review because the denial of a Rule 59(e) motion is itself a final, appealable judgment." Id.

The order that Esparza seeks to alter or amend was not a judgment. As a judgment has not yet been entered, a motion to alter or amend a judgment under Rule 59(e) is not an appropriate vehicle for reconsideration of the Wayne County Circuit Court's November 16, 2017 Order. See Loomis v. Chrysler Corp., 4 F. App'x 214, 215 (6th Cir. 2001) ("The court properly denied the motion to alter or amend because no final judgment had been entered in the case at the time the motion was filed."). Nor is a motion pursuant to Rule 60(b) appropriate. Eggleston v. Nexteer Automotive Corp., No. 16-13368, 2018 WL 2117754, at *1 (E.D. Mich. May 8, 2018) ("Notably, Rule 60(b) applies to final judgments and orders, and not to interlocutory judgments or orders.") (emphasis in original).

The Court will, therefore, consider the motion as one for reconsideration under the Local Rules. A motion for reconsideration may be granted when the moving party shows: (i) a palpable

2

defect; (ii) by which the court and the parties were misled; and (iii) the correction of which will result in a different disposition of the case. E.D. Mich. L.R. 7.1(h)(3). A "palpable defect" is a "defect which is obvious, clear, unmistakable, manifest or plain." Olson v. The Home Depot, 321 F. Supp. 2d 872, 874 (E.D. Mich. 2004). The court generally will not grant motions for reconsideration "that merely present the same issues ruled upon by the court, either expressly or by reasonable implication." E.D. Mich. L.R. 7.1(h)(3).[1]

### III.   ANALYSIS

Esparza argues that the circuit court erred because it granted Citizens' motion for a default judgment even though Citizens did not show good cause for the failure to timely file an answer. Pl. Mot. for Reconsideration at PageID.526 – PageID.527 (Dkt. 25).[2] However, Judge Murphy was satisfied that "good cause and/or excusable neglect has been established here along with a

---

[1] The Michigan Court Rule regarding motions for reconsideration is nearly identical to this District's Local Rule:

> Generally, and without restricting the discretion of the court, a motion for rehearing or reconsideration which merely presents the same issues ruled on by the court, either expressly or by reasonable implication, will not be granted. The moving party must demonstrate a palpable error by which the court and the parties have been misled and show that a different disposition of the motion must result from correction of the error.

Mich. Ct. R. 2.119(F)(3).

[2] The parties do not directly address whether Michigan or federal law applies to the determination of whether to set aside a default, when the motion was filed pre-removal. However, the Court need not resolve this issue, as both the Michigan Court Rules and the Federal Rules of Civil Procedure require good cause to do so and, as discussed infra, Citizens can show good cause under either standard. See Mich. Ct. R. 2.603(D)(1) ("A motion to set aside a default or a default judgment, except when grounded on lack of jurisdiction over the defendant, shall be granted only if good cause is shown and an affidavit of facts showing a meritorious defense is filed."); Fed. R. Civ. P. 55(c) ("The court may set aside an entry of default for good cause . . . .").

meritorious defense of the action." 11/3/2017 Hr'g Tr., Ex. S to Def. Mot., at PageID.914 (Dkt. 27-20). Esparza has not pointed to any "palpable defect" that misled the parties and the court. While she claims that Judge Murphy showed partiality to Citizens and failed to follow the Michigan Court Rules which require the defendant to show good cause to set aside a default, Pl. Mot. at PageID.526, Judge Murphy properly found that good cause was established.

Good cause, under Michigan law, is shown where there is "(1) a substantial irregularity or defect in the proceeding upon which the default is based, or (2) a reasonable excuse for failure to comply with the requirements that created the default." Alken-Ziegler, Inc. v. Waterbury Headers Corp., 600 N.W.2d 638, 644 (Mich. 1999). "[I]f a party states a meritorious defense that would be absolute if proven, a lesser showing of 'good cause' will be required that if the defense were weaker, in order to prevent a manifest injustice." Id. at 645. Similarly, under federal law, the court must look at three factors: (1) whether the plaintiff will be prejudiced from reopening the case; (2) whether the defendant has a meritorious defense; and (3) whether culpable conduct of the defendant led to the default. Berthelsen v. Kane, 907 F.2d 617, 620 (6th Cir. 1990).

Esparza argues that Citizens' failure to file an answer on time due to its counsel's mistaken calculations about the due date cannot constitute good cause. Pl. Mot. at PageID.527. But Citizens' supplemental brief submitted to the circuit court cites several instances of leniency from Michigan courts and findings of good cause for inadvertent delay. See Remington Const. Co. v. Dependable Concrete, Inc., No. 312101, 2013 WL 6692895, at *9 (Mich. Ct. App. Dec. 19, 2013) (upholding trial court's finding of good cause where counsel represented eight defendants, counsel "miscalculated the timing," and the failure to file timely answers for some defendants was not knowing or intentional); Vandyke v. Leelanau Cty., No. 286775, 2010 WL 624382, at *3 (Mich. Ct. App. Feb. 23, 2010) (finding that the totality of the circumstances demonstrated good cause

4

where "defendants' answer was only briefly late due to unintentional mistake . . . and defense counsel made a good faith effort to receive a brief extension[,] . . . [t]he matter is significant and of public concern, and plaintiff was not prejudiced by the four day delay").[3]  Here, where Citizens filed an answer only four days late due to an unintentional mistake, and submitted an affidavit supporting a meritorious defense, Judge Murphy's finding of good cause was proper and does not suggest partiality towards Citizens.

Citizens has also shown good cause under federal law, which has a "strong policy in favor of deciding cases on their merits." Shepard Claims Servs., Inc. v. William Darrah & Assocs., 796 F.2d 190, 194 (6th Cir. 1986).  Where, as here, there is no prejudice to the plaintiff from reopening the case, the defendant has established a meritorious defense, and did not engage in "culpable conduct," the default is properly set aside.  See id. at 195 ("Where the party in default satisfies the first two requirements for relief and moves promptly to set aside the default . . . the district court should grant the motion if the party offers a credible explanation for the delay that does not exhibit disregard for the judicial proceedings.").

## IV.   CONCLUSION

---

[3] Esparza cites several cases for her argument that a failure to properly diary when an answer is due does not constitute good cause, but these cases are distinguishable on their facts.  In Poling v. Secretary of State, 369 N.W.2d 261 (Mich. Ct. App. 1985), for example, the defendant was served on May 2, 1983, and a default was entered on July 22, 1983.  The plaintiff moved for a default judgment on February 21, 1984, and it was not until February 29, 1984 that the defendant filed any objection.  Id. at 263.  This is a much longer delay in responding than Citizens' four-day delay.  The court additionally found that defendant had not set forth facts supporting a meritorious defense.  In Saffian v. Simmons, 727 N.W.2d 132 (Mich. 2007), the defendant falsely represented the events that led to his failure to respond to the complaint.  And in Kowalski v. Fiutowski, 635 N.W.2d 502 (Mich. Ct. App. 2001), the court examined defaults in the context of medical malpractice cases, which have certain pleading requirements not relevant here.

For the reasons provided, Plaintiff Katie Esparza's amended motion for reconsideration (Dkt. 25) is denied.[4]

SO ORDERED.

Dated: June 19, 2018  
    Detroit, Michigan

s/Mark A. Goldsmith  
MARK A. GOLDSMITH  
United States District Judge

**CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on June 19, 2018.

s/Karri Sandusky  
Case Manager

---

[4] This order also disposes of Dkts. 10, 11, and 15. Dkts. 10 and 11 are Plaintiff's original motion for reconsideration filed in federal court and motion for reconsideration filed in state court, respectively. Because the instant amended motion superseded these motions, they are denied as moot. Dkt. 15 is a state-court motion that was re-filed in this Court; it was previously resolved by the state court.