UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISON

KATIE ESPARZA,

       Plaintiff,

Case No. 17-cv-14132
Hon. Mark A. Goldsmith

vs.

CITIZENS INSURANCE CO.
OF THE MIDWEST,

       Defendant.
_____/

**OPINION & ORDER
DENYING PLAINTIFF'S MOTION FOR A PROTECTIVE ORDER (Dkt. 44)**

Plaintiff Katie Esparza, as guardian for Nikki Cortez, has filed an amended motion for a protective order and to quash all subsequent independent medical examinations (Dkt. 44).[1] Esparza seeks to prevent a Dr. Shutte from taking an Independent Medical Examination ("IME") of Cortez, and to prevent Defendant Citizens Insurance Company from taking any IMEs in the future. Citizens filed a response (Dkt. 45), but Esparza has not filed a reply. For the reasons that follow, the Court denies Esparza's motion.

**I.    ANALYSIS**

The Federal Rules of Civil Procedure provide that a party may move for a protective order and the court "may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense[.]" Fed. R. Civ. P. 26(c). Esparza argues that there is good cause for a protective order because Citizens is estopped from relying on a defense other than fraud to support its delayed payment of benefits, and because

---

[1] Esparza's originally-filed motion (Dkt. 41) is superseded by the amended filing.

1

Citizens would be prevented from using the reports, opinions, or findings of the physicians performing the IME. The Court will address each argument in turn.

### A. Mend the Hold Doctrine

Esparza first argues that Citizens has delayed its payment of insurance benefits based solely on the issue of fraud, and it cannot now attempt to bolster its defense by requiring Cortez to undergo an IME. She argues that Citizens is estopped from denying payment on one basis and then supplementing this basis once it becomes aware of litigation. Pl. Mot. at 4, PageID.1574. Esparza points to Citizens' motion to set aside default, filed in state court, as well as its response to an interrogatory to support her assertion that Citizens has relied "on fraud and nothing else." Id. at 6, PageID.1546. Because of these assertions by Citizens, she says, no IMEs should take place.

"Where a party gives a reason for his conduct and decision touching any thing [sic] involved in a controversy, he cannot, after litigation has begun, change his ground, and put his conduct upon another and a different consideration. He is not permitted thus to mend his hold." C.E. Tackels, Inc. v. Fantin, 67 N.W.2d 71, 74 (Mich. 1954); see also J.C. Wykoffs & Assocs. v. Standard Fire Ins. Co., 936 F.2d 1474, 1489 (6th Cir. 1991) ("[O]rdinarily, a denial of liability on specified grounds constitutes a waiver and estoppel of other defenses."). That is, "under certain circumstances, an insurer should be estopped from asserting a defense to an action on the policy that the insurer did not earlier assert." Dahlmann v. Geico Gen. Ins. Co., No. 324698, 2016 WL 1125976, at *8 (Mich. Ct. App. Mar. 22, 2016).

This doctrine – known as the "mend the hold" doctrine – is equitable in nature. Id. It applies when it would be unfair to allow the insurer to assert an additional grounds for denial after it induced the insured to rely on a different ground to the insured's detriment. Id. But "an

2

insurer may assert a new ground for denial on the basis of newly discovered information, if asserted early enough to avoid prejudicing the insured." Id.

Citizens responds that its investigation into Cortez's insurance claims was not solely in response to the allegedly fraudulent submissions, as Esparza claims, but rather pertained to all benefits. Fraud is simply one of the reasons that the claim was placed under investigation. Def. Resp. at 1, 4, PageID.1648, 1651 (Dkt. 45). Citizens maintains that it has repeatedly referred to other defenses, in addition to fraud, throughout the litigation. Citizens cites to several instances where it brought issues other than fraud to Esparza and Cortez's attention:

- On June 1, 2017, Citizens sent Cortez a letter stating that the entire claim was under investigation. The investigation pertained to "all benefits, including but not limited to medical expenses, including any surgical expenses, prescription reimbursement, attendant care, replacement services, wage loss and mileage will be pending the conclusion of our investigation." 6/1/2017 Letter, Ex. 1 to Pl. Mot., at PageID.1579 (Dkt. 44).

- Citizens' answer, filed on July 14, 2017 in state court, including the following affirmative defenses:

   o "13. Plaintiff's claims are barred in whole or in part, as some or all of the type and kind and quantity of the products, services and accommodations for Plaintiff's care, recovery or rehabilitation were not related to the automobile accident identified in Plaintiff's complaint and therefore, are not recoverable.

   o "15. Plaintiff's claims are barred, in whole or in part, as some or all of the expenses and/or charges for the products, services, and accommodation for Plaintiff's care, recovery, or rehabilitation were not related to the automobile accident identified in Plaintiff's Complaint and therefore, are not recoverable.

   o "16. Some or all of Plaintiff's medical services and/or accommodations may not have been reasonably necessary, and some or all of the medical expenses, replacement services claims, or wage loss claims, alleged by Plaintiff, may not reflect reasonable claims or charges in regard to same, pursuant to the requirements of the subject police of insurance, if any, and/or the Michigan No-Fault Act, MCL §500.3101, et seq."

   Def. Answer at 8-9, PageID.263-264 (Dkt. 14).

- Citizens filed another answer in state court on November 20, 2017, asserting the following special/affirmative defenses:

3

- o "5. That Plaintiff has not submitted any losses which were reasonably incurred and/or reasonably necessary, beyond those paid by Defendant.

- o "12. That the charges were not reasonable and, in fact, were excessive and not supported by any reasonable documentation.

- o "13. That the treatment was experimental and not compensable under the Michigan No-Fault Act.

- o "14. That the claimed benefits were not reasonably necessary for the alleged injured party's care, recovery, or rehabilitation under MCL 500.3107.

- o "17. To the extent it is found that Plaintiff failed to cooperate, assist, and provide information as required by the policy of insurance issued by Defendant, there would be no coverage under the policy.

- o "18. Plaintiff's injuries may have been the result of a pre-existing condition not aggravated or caused by the accident in question."

Def. Answer at 5-7, PageID.438-440 (Dkt. 18).

- In Citizens' original motion to set aside the default, Citizens stated that "the veracity of Plaintiff's PIP claims is extremely questionable." Def. Mot. to Set Aside Default at 3, PageID.270 (Dkt. 15).

- In its supplemental brief to its motion, filed in state court on October 19, 2017, Citizens asserted the following:

  - o "20. Even if Plaintiff were not entirely barred from receiving personal protection insurance benefits [due to fraud], there remains a substantial question as to what benefits were <u>incurred</u> in light of the Affidavit demonstrating that the claimant was not in the presence of her alleged caregivers for significant portions of the dates on which she was allegedly receiving 24 hour per day attendant care (Exhibit F) (Exhibit G). "[A]n insurer is not obliged to pay any amount except upon submission of evidence that services were actually rendered . . .". <u>Douglas v Allstate Ins Co</u>, 492 Mich 241, 266–67; 821 NW2d 472, 487 (2012) (internal quotations omitted)."

  - o "21. Therefore, Defendant has unquestionably established a meritorious defense, whether it be that Plaintiff's claim is barred in its entirety due to fraud, <u>Bahri</u>, supra, or whether it be that substantial questions are presented as to whether the services for which Plaintiff seeks payment were <u>actually rendered</u>. <u>Douglas</u>, supra."

Def. Supp. Br. at 4-5, PageID.281-282 (Dkt. 16) (all emphases in original).

- In Citizens' Interrogatory Responses, the following exchange occurred:

6. State fully and in detail the basis of the Defendant's delay/refusal in making benefits payable to the Plaintiff(s).

> ANSWER: Plaintiff is referred to the claim file which includes Citizen's correspondence to Plaintiff dated June 1, 2017 which states: "please be advised that we are currently investigating your claim for Michigan No-Fault benefits under policy number A6IJ-A270088. This pertains to all benefits, including but not limited to, medical expenses, including any surgical expenses, prescription reimbursement, attendant care, replacement services, wage loss, and mileage will be pending the conclusion of our investigation." In way of further response, Defendant has not received reasonable proof of the fact and of the amount of the loss and maintains that Plaintiffs claim for personal protection insurance benefits is barred in its entirety because both Nikki Cortez and her caregiver, Katie Esparza, who is the Plaintiff in this matter, engaged in fraud by claiming 24/7 attendant care benefits for periods of time when in fact such benefits were not being provided, and by claiming replacement service benefits for dates when such services were not being provided. Pursuant to FRCP 33(d), Plaintiff is referred to the redacted claim file, claim notes, and insurance policy previously provided to counsel which include, among other documents, Plaintiffs attendant care and household replacement service submissions as well as surveillance reports and video.

Def. Resp. to Pl. Interrog., Ex. 3 to Pl. Mot., at 2, PageID.1602 (Dkt. 44).

Although Esparza relies on this last interrogatory response as proof that Citizens' only basis for delaying payment of benefits was due to fraud, Citizens does mention that it "has not received reasonable proof of the fact and of the amount of the loss" in its response. Id. This, along with the many other instances of Citizens relying on defenses other than fraud, is sufficient to put Esparza on notice that Citizens may justify its delay in making payments for reasons other than fraud. Accordingly, the mend-the-hold doctrine is inapplicable here, as Citizens has put forth arguments other than fraud to justify its delay of payments.

**B. Retroactive denial of payment based on an IME**

Esparza also argues that the retroactive denial of payment based on an IME conducted <u>after</u> the treatment was provided is unreasonable. Pl. Mot. at 5, PageID.1575. Esparza therefore says that forcing Cortez to attend an IME, when Citizens would be prevented from using these reports, would "simply be to cause Ms. Cortez annoyance, embarrassment, and undue burden."

Id. at 6, PageID.1576. For support, she cites Clack v. Allstate Insurance Co., No. 94-412132, 1998 WL 1997470 (Mich. Ct. App. Jan. 23, 1998). In Clack, the court of appeals reviewed the trial court's award of attorney fees to the insured pursuant to Michigan statute. In determining whether attorney fees are warranted under the statute, "the inquiry is not whether coverage is ultimately determined to exist, but whether the insurer's initial refusal to pay was reasonable." Id. at *1 (citing Shanafelt v. Allstate Ins. Co., 552 N.W.2d 671, 675 (1996)). The insurer argued that its refusal to pay was reasonable based on IME reports, which created a bona fide question of factual uncertainty. Id. The appellate court disagreed, noting that at the time the insurer initially delayed payment, the only IME report available confirmed the plaintiff's jaw injury. Id. Similarly, in Gardner v. State Farm Mut. Auto. Ins. Co., No. 325606, 2016 WL 1391311, at *5 (Mich. Ct. App. Apr. 7, 2016), the court considered an award of attorney fees to the insured, and stated that the insurer could not rely on the results of an IME taken in April 2011 to justify its denial of the insured's claims in August 2010.

However, as Citizens points out, Clack and Gardner both concern the reasonableness of an insurer's delay in or denial of payment of benefits in the context of attorney fees. The decisions do not discuss whether the insurer was entitled to take the IME in the first place. Clack and Gardner provide no basis for finding that Citizens cannot require Cortez to undergo the IME.

Additionally, Citizens notes that the No-Fault Act specifically states that "[a] personal protection insurer may include reasonable provisions in a personal protection insurance policy for mental and physical examination of persons claiming personal protection insurance benefits." Mich. Comp. Laws § 500.3151. Indeed, the insurance policy under which Cortez seeks benefits specifically provides that "[a] person seeking any coverage must . . . [s]ubmit, as often as we reasonably require . . . to physical exams by physicians we select. We will pay for these exams."

6

Insurance Policy, Ex. H to Def. Resp., at 12, PageID.1760 (Dkt. 45-9). Citizens points out that Cortez "continues to undergo extensive medical treatment and continues to submit claims to Defendant" for various expenses; it argues that it is entitled to investigate whether such treatment is necessary. Def. Resp. at 15, PageID.1662. Accordingly, Citizens is within its rights to require Cortez to undergo an IME, and a protective order is not needed to protect her from annoyance, embarrassment, or undue burden.

## II. CONCLUSION

For the reasons provided, Plaintiff Katie Esparza's motion for a protective order (Dkt. 44) is denied. The deadline for fact and expert discovery is moved to January 2, 2019; the dispositive motion cut-off date will be January 16, 2019. All other dates in the scheduling order (Dkt. 35) will remain the same.

SO ORDERED.

Dated: September 21, 2018  s/Mark A. Goldsmith
Detroit, Michigan  MARK A. GOLDSMITH
United States District Judge

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on September 21, 2018.

s/Karri Sandusky
Case Manager